UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                         :
MARK YODICE, individually and on         :
behalf of all others similarly           :
situated,                                :        21cv2026 (DLC)
                                         :
                        Plaintiff,       :        OPINION AND ORDER
                                         :
              -v-                        :
                                         :
TOURO COLLEGE AND UNIVERSITY SYSTEM,     :
                                         :
                        Defendant.       :
                                         :
--------------------------------------- X

APPEARANCES:

For plaintiff Mark Yodice:
Eric Poulin
Roy T. Willey, IV
Anastopoulo Law Firm
32 Ann Street
Charleston, SC 29403

Edward G. Toptani
Toptani Law Offices
127 East 59th Street, 3rd Floor
New York, NY 10022

John Macleod Bradham
Morea Schwartz Bradham Friedman & Brown LLP
444 Madison Avenue, Fourth Floor
New York, NY 10022

For defendant Touro College and University System:
Mariah L Passarelli
Cozen O'Connor
301 Grant Street, 26th Floor
Pittsburgh, PA 15219

Jennifer Ann Queliz
Michael Craig Schmidt
Cozen O'Connor (NYC)
277 Park Avenue

New York, NY 10172

DENISE COTE, District Judge:

In this class action, Mark Yodice ("Yodice") has sued Touro College and University System ("Touro") to recover unrefunded tuition and fees paid for the Spring 2020 semester. During that semester, Touro closed its campuses and moved to remote instruction due to the COVID-19 pandemic. Touro has moved to dismiss all claims. For the reasons that follow, the motion is granted.

## Background

The following facts are taken from the complaint and documents properly considered on this motion to dismiss. The alleged facts are assumed to be true.

Touro is a private university system based in New York with undergraduate, graduate, and professional schools located on campuses around the country. One of these schools is the Touro College of Dental Medicine ("TCDM") located in Hawthorne, New York. Yodice was a full-time student enrolled in TCDM during the Spring 2020 semester. Touro also offers an online degree-earning school named Touro University Worldwide ("TUW").

TCDM publishes information about its degree-earning programs and course offerings on websites and in publications, circulars, and academic catalogs. The "About Our Campus" page

on TCDM's website touts access to faculty and mentors, computer and library facilities, student groups and activities, a diverse student body, and other general benefits.  The webpage states that dental students at TCDM are provided "all of the benefits of an integrated campus experience and the expertise of a medical, graduate, and public health school faculty," and may "utilize New York Medical College research facilities, an anatomy lab, a simulation training center, classrooms and auditoriums, as well many amenities including a cafeteria and café, a bookstore, a Health Sciences Library, sports facilities, and many common spaces."  The "About Our Campus" page also promotes the TCDM campus as offering "Suburban Living with Easy Access to New York City," making "numerous career, residency, clinical and internship opportunities" available to students and "offer[ing] a chance for students to put their learning into practice, conduct research, or interact with patients and professionals."

Another page on the website titled "DDS Program" promotes TCDM students' "access to biomedical science facilities and laboratories, and to the [New York Medical College] faculty, with their many years of experience."  This page also describes TCDM's clinical program, which begins with a "foundation in the dental simulation laboratory and then pairs students to treat

3

patients in our modern clinic."  A "Biomedical, Behavioral and Preclinical Sciences" page on the website describes TCDM's curriculum and states that "[a]ll students utilize state-of-the-art digital dental technologies, including dental cone beam CT imaging, learning digital dental workflows, scanning, 3D printing, milling of restorations, along with restoring and placing implants."

Students must apply and be admitted in order to enroll in TCDM.  Upon admission and enrollment, Touro charges students tuition and mandatory fees.  During the beginning of the Spring 2020 semester, TCDM students, including Yodice, paid tuition and fees "either out of pocket or by utilizing student loan financing."  The mandatory fees that Yodice paid to TCDM include, among others, a "Campus Fee," "Tech Fee," and "Materials Fee."  Yodice and other TCDM students also paid "a myriad of other program or course specific fees, together with optional fees."

By contrast, the TUW online program is marketed and priced as a "separate and distinct product[]."  TUW tuition is marketed as an "affordable option" for obtaining an Associate or Bachelor's degree in comparison to other Touro schools.  TUW does not charge fees for in-person services to online students.

Classes in TCDM's Spring 2020 term began on January 27, 2020, with the last day of exams scheduled for May 18, 2020 and white coat ceremonies to occur on May 31, 2020.  Until March 9, Yodice and other full-time TCDM students attended live course instruction in physical classrooms on campus.  The COVID-19 pandemic then swept through New York.  On March 7, the Governor of the State of New York declared a State Disaster Emergency and issued a series of executive orders restricting and eventually barring all non-essential business activities until June 2020.

On March 6, 2020, Touro announced that it would close its New York campuses, including the TCDM campus, and move to online-only courses between March 9 through March 12.  On March 11, Touro announced the extension of remote instruction to April 20, expecting that in-person courses would resume after that date.  On March 20, the Governor issued another executive order ordering non-essential businesses to close entirely.  On March 22, Touro accordingly closed all of its campus facilities to non-essential students and employees, with the exception of New York Medical College.  Most student activities were also cancelled.  On April 7, Touro announced that campuses would not be reopened by April 20 as initially planned, and that remote instruction would continue for the entire Spring 2020 semester.

At some point between March 9 and March 22, Yodice was
"forced from campus."  Until the end of the semester, Yodice did
not have access to "facilities such as libraries, laboratories,
computer labs, and student rooms," "the myriad of activities
offered by campus life," and "networking for future careers."
He also did not have access to services such as "campus
facilities, student activities, health services and other
opportunities."

TCDM's Spring 2020 semester ended on May 18.  Touro did not
offer refunds of tuition or fees to students enrolled in any
school affected by the Spring 2020 transition to remote
instruction.

Yodice filed this action on March 9, 2021.[1]  On May 24,
2021, Touro filed a motion to dismiss.  Yodice was given an
opportunity to amend the complaint and declined to do so.  The
motion became fully submitted on July 21.

## Discussion

Yodice brings this putative class action against Touro for
breach of contract, unjust enrichment, and deceptive practices

---

[1] This action initially came before the Honorable Vernon
Broderick.  It was reassigned to this Court on September 9,
2021.

and false advertising in violation of §§ 349 and 350 of the New York General Business Law.[2]

When deciding a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P., a court "consider[s] the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." Brooklyn Ctr. for Psychotherapy, Inc. v. Philadelphia Indem. Ins. Co., 955 F.3d 305, 310 (2d Cir. 2020) (citation omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Honickman v. BLOM Bank SAL, 6 F.4th 487 (2d Cir. 2021) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A court is not "bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In determining the adequacy of a complaint, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents

---

[2] Yodice brings class allegations on behalf of two named classes, the Tuition Class and the Fees Class, each consisting of students enrolled in any Touro school across the country. Touro seeks to dismiss these class allegations on the ground that Yodice lacks standing to represent students that attended Touro schools other than TCDM. Because Yodice does not state a claim on his own behalf, it is not necessary to reach the issue of his standing to represent others.

incorporated by reference in the complaint." <u>DiFolco v. MSNBC</u>
<u>Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010).  "Where a
document is not incorporated by reference, the court may
nevertheless consider it where the complaint relies heavily upon
its terms and effect, thereby rendering the document integral to
the complaint." <u>Id</u>. (citation omitted).

I.    Breach of Contract (Counts I and III)

Yodice alleges that Touro breached an implied contract in
two ways.  In Count I, he asserts that he and other Touro
students who paid tuition were denied a contractual right to
live, in-person instruction and all of the on-campus educational
opportunities advertised on the university's website.  In Count
III, he asserts that he and other Touro students that paid fees
for discrete, non-academic on-campus services were entitled to,
and denied, those services after March 2020.  Because the
complaint fails to allege specific promises sufficient to form
an implied contract, Yodice's breach of contract claims are
dismissed.[3]

"To state a claim for breach of contract under New York
law, the complaint must allege: (i) the formation of a contract
between the parties; (ii) performance by the plaintiff; (iii)

---

[3] In light of the conclusion that no implied contract term
promising exclusive in-person instruction was alleged, Touro's
argument based on the doctrine of impossibility is not
addressed.

failure of defendant to perform; and (iv) damages." <u>Nick's Garage, Inc. v. Progressive Cas. Ins. Co.</u>, 875 F.3d 107, 114 (2d Cir. 2017) (citation omitted).[4]  "[P]romises set forth in a school's bulletins, circulars, and handbooks, which are material to the student's relationship with the school, can establish the existence of an implied contract." <u>Jeffers v. Am. Univ. of Antigua</u>, 3 N.Y.S.3d 335, 337 (1st Dep't 2015) (citation omitted); <u>see also</u> <u>Papelino v. Albany Coll. of Pharmacy of Union Univ.</u>, 633 F.3d 81, 93 (2d Cir. 2011).  To state a claim for breach of an implied contract, a student must identify "specific promises" made in those materials that are "material to the student's relationship with the school." <u>Cheves v. Trustees of Columbia Univ.</u>, 931 N.Y.S.2d 877, 877 (1st Dep't 2011) (citation omitted).  A promise that is "too vague" or "in the nature of opinion or puffery" is not an enforceable term of an implied contract. <u>Bader v. Siegel</u>, 657 N.Y.S.2d 28, 29 (1st Dep't 1997).

A.   Tuition (Count I)

The complaint fails to identify any specific promise to provide live, in-person instruction.  The complaint relies

---

[4] The parties' briefs in this diversity case rely solely on New York law.  Accordingly, the parties agree New York law governs this dispute.  <u>See</u> <u>Alphonse Hotel Corporation v. Tran</u>, 828 F.3d 146, 152 (2d Cir. 2016) ("[W]here the parties agree that [a certain jurisdiction's] law controls, this is sufficient to establish choice of law." (citation omitted)).

exclusively on statements made on the TCDM website.  The website does not contain specific promises that only in-person courses will be conducted.  Even those TCDM webpages entitled "DDS Program" and "Biomedical, Behavioral and Preclinical Sciences" that describe laboratories and equipment integrated into TCDM's coursework fail to constitute anything other than generalized advertisements about opportunities available to dental students at some point in their course of study.  They are not specific promises that instruction would be delivered exclusively in-person during the degree program, much less during the Spring 2020 semester.

In opposing this motion, Yodice cites two features of Touro's conduct as sufficient to allege that a specific promise to provide exclusive in-person classes had been made to prospective students.  Both arguments fail.

First, Yodice argues that because TCDM provided in-person classes prior to March 9, 2020, TCDM recognized that a contractual obligation existed and that the obligation required it to provide classes in the same manner continuously and without interruption.  Yodice relies on Gertler v. Goodgold, 487 N.Y.S.2d 565, 568, aff'd, 66 N.Y.2d 946 (1st Dep't 1985), for the proposition that where "unequivocal acts of the parties indicate they intended to effect" a result, a promise to produce

that result may be implied.  In Gertler, the Appellate Division
dismissed a tenured professor's breach of contract claim.  Id.
at 569.  The professor in Gertler complained that the university
had forced him to change offices.  Id. at 567.  The court
expressly discounted the relevance of any prior practice by the
university to afford professors office space.  Id. at 568.  It
cautioned that a "University's academic and administrative
prerogatives" cannot "be impliedly limited by custom, or by a
strained theory of contractual construction."  Id.  The
reasoning in Gertler applies with equal force here.  The
practice of conducting in-person instruction before the
Governor's emergency orders did not create an implied
contractual duty to only or always conduct in-person
instruction.

The same reasoning applies to Yodice's conclusory
allegation that an implied contractual obligation was created
when classes were listed -- somewhere -- with a meeting time and
location.  As the Honorable Jesse Furman observed in a similar
action, references to classroom locations and physical
attendance requirements in a university's course materials
"merely memorialize the pre-pandemic practice; they offer[] no
guarantee that it would continue indefinitely."  In re Columbia
Tuition Refund Action, 523 F. Supp. 3d 414, 423 (S.D.N.Y. 2021).

Yodice next argues that Touro knew it was providing a "materially different product" than in-person instruction when it switched to fully remote instruction.  He points to Touro's offer of a cheaper, online degree-granting program, TUW.  This argument fares no better.  That an online program had been offered by Touro with its own format and with a lower tuition before the pandemic does not constitute an implicit promise that TCDM would provide exclusively in-person instruction in a separate program it offered prospective students.  See id.

B.   Fees (Count III)

The complaint similarly fails to identify a specific service Yodice was denied but for which he paid fees.  The only mandatory fees that Yodice alleges that he paid -- a "Campus Fee," "Tech Fee," and "Materials Fee" -- are not further described in the complaint.  The complaint does not explain what TCDM services were owed in exchange for these fees or whether the services were connected to academic or extracurricular services that were subsequently unavailable to Yodice.  The complaint also fails to allege any TCDM statement linking these fees to a promise to provide student access to "campus facilities, student activities, health services and other opportunities" that were shut down after the pandemic.  Instead, Yodice again points to the fact that TUW does not charge fees for its online programming.  For the same reasons explained

above, these conclusory allegations are insufficient to survive the motion to dismiss.

II.  Unjust Enrichment (Counts II and IV)

The complaint's third and fourth causes of action assert claims of unjust enrichment.  It alleges that Touro retained the benefit of students' tuition (Count II) and fees (Count IV) while saving "significant sums of money in the way of reduced utility costs, reduced maintenance and staffing requirements, reduced or eliminated hours for hourly employees, reduced or eliminated hours for paid work study students, and otherwise."

To plead a claim for unjust enrichment, a plaintiff must allege "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered."  Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182 (2011) (citation omitted).  "The essence of such a claim is that one party has received money or a benefit at the expense of another."  Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000) (citation omitted).  "[U]njust enrichment is not a catchall cause of action to be used when others fail."  Corsello v. Verizon New York, Inc., 18 N.Y.3d 777, 790 (2012).  "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."  Id.; see also Benham v. eCommission Sols., LLC, 989 N.Y.S.2d 20,

13

21-22 (1st Dep't 2014) (dismissing unjust enrichment claim "as duplicative").

Yodice's unjust enrichment claim is dismissed as duplicative of the breach of contract claim.  The defendant does not dispute the existence of contractual obligations to its students.  It disputes that the complaint adequately pleads that its contractual obligations implicitly include those alleged in the breach of contract claims.  Yodice cannot fill this gap through pleading an unjust enrichment claim as an alternative route of recovery.

In opposition to this motion to dismiss, Yodice argues that unjust enrichment may be pleaded in the alternative under the proposition that "where a bona fide dispute exists as to the existence of the contract, the plaintiff may proceed on both breach of contract and quasi-contract theories." Nakamura v. Fujii, 677 N.Y.S.2d 113, 116 (1st Dep't 1998).  Here, however, there is no dispute that a contractual relationship exists between Yodice and TCDM and that the contractual obligation governs instruction and the delivery of certain services.  The dispute centers on the scope of this obligation, not its existence.  Accordingly, the unjust enrichment claims are dismissed.

III. N.Y. General Business Law §§ 349, 350 (Count V)

Finally, the complaint alleges that Touro engaged in deceptive practices and false advertising in violation of §§ 349 and 350 of the New York General Business Law.  Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  N.Y. Gen. Bus. Law § 349(a).  Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  Id. § 350.

To state a claim under §§ 349 or 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) [the] plaintiff suffered injury as a result of the allegedly deceptive act or practice."  Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015) (citation omitted).  "Deceptive acts are defined objectively[] as acts likely to mislead a reasonable consumer acting reasonably under the circumstances."  Boule v. Hutton, 328 F.3d 84, 94 (2d Cir. 2003) (citation omitted).  Material omissions must be shown by demonstrating that "the business alone possesses material information that is relevant to the consumer and fails to provide this information."  Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 26 (1995).

15

The complaint fails to plead a materially misleading act or omission by TCDM.  No reasonable consumer would be misled into believing that, in the event of a global pandemic and under government shutdown orders, TCDM would remain open to deliver in-person instruction to students.  Multiple courts in this District have come to the same conclusion in a myriad of actions filed against universities following the onset of pandemic, and there is no allegation in the complaint that leads to a different result.  See, e.g., In re Columbia Tuition Refund Action, 523 F. Supp. 3d at 431; Flatscher v. Manhattan Sch. of Music, No. 20 CIV. 4496 (KPF), 2021 WL 3077500, at *11 (S.D.N.Y. July 20, 2021); Beck v. Manhattan Coll., No. 20 CIV. 3229 (XLS), 2021 WL 1840864, at *5 (S.D.N.Y. May 7, 2021); Goldberg v. Pace Univ., No. 20 CIV. 3665 (PAE), 2021 WL 1565352, at *13 (S.D.N.Y. Apr. 21, 2021).

## Conclusion

The defendant's July 21, 2021 motion to dismiss is granted.

Dated:    New York, New York
          November 4, 2021

_____
                DENISE COTE
        United States District Judge

16