**MANDATE**

1:21-cv-02026-DLC

21-2986-cv
Yodice v. Touro Coll. & Univ. Sys.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 09 2024

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of July, two thousand twenty-four.

PRESENT:    REENA RAGGI,
                RICHARD C. WESLEY,
                RAYMOND J. LOHIER, JR.,
                  *Circuit Judges.*

---------------------------------------------------------------

MARK YODICE, INDIVIDUALLY
AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

        *Plaintiff-Appellant*,

      v.                                    No. 21-2986-cv

TOURO COLLEGE AND UNIVERSITY SYSTEM,

        *Defendant-Appellee*.

---------------------------------------------------------------

**MANDATE ISSUED ON 08/09/2024**

FOR APPELLANT:                          ERIC M. POULIN, Anastopoulo
                                        Law Firm, Charleston, SC (Roy T.
                                        Willey, IV, Blake G. Abbott, *on the
                                        brief*), Edward Toptani, Toptani
                                        Law PLLC, New York, NY

FOR APPELLEE:                           MARIAH L. PASSARELLI, Cozen
                                        O'Connor, Pittsburgh, PA

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is **VACATED** in part and **AFFIRMED** in part and the case is **REMANDED** for further proceedings consistent with this order.

Mark Yodice appeals from a November 4, 2021 judgment of the United States District Court for the Southern District of New York (Cote, *J.*) dismissing his class-action complaint against Touro College and University System ("Touro"). Yodice was a graduate student enrolled in Touro's College of Dental Medicine ("TCDM") during the Spring 2020 semester when Touro shifted to remote, distance learning in response to the COVID-19 pandemic and related government orders. Yodice filed a five-count Complaint on behalf of himself and classes of other individuals similarly situated related to Touro's transition to remote instruction. Yodice brought breach of contract and unjust enrichment claims for tuition stemming from Touro's switch to remote instruction

("Tuition Claims"); breach of contract and unjust enrichment claims for certain fees for services and activities that students could no longer access after Touro switched to remote instruction ("Fee Claims"); and a claim that Touro violated New York General Business Law §§ 349, 350 arising out of its alleged deceptive practices and false advertising regarding its marketing tactics with respect to in-person instruction, services, and opportunities enrolled students would receive ("NY GBL Claim").  We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

The district court dismissed Yodice's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Yodice v. Touro Coll. & Univ. Sys.*, 21cv2026 (DLC), 2021 WL 5140058, at *2–3, 6 (S.D.N.Y. Nov. 4, 2021).  We review *de novo* a district court's grant of a motion to dismiss, construing the complaint liberally, considering any documents incorporated by reference, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–54 (2d Cir. 2002).

Yodice first argues that the district court erred in dismissing his Tuition Claims. We agree.

The district court here based its "resolution on available New York sources of

3

law." *Briggs Ave. LLC v. Ins. Corp. of Hannover*, 516 F.3d 42, 46 n.3 (2d Cir. 2008).[1]

Regarding the contract claim for tuition, it concluded that the Complaint's allegations

regarding the statements on TCDM's[2] website "fail to constitute anything other than

generalized advertisements about opportunities available to dental students at some

point in their course of study." *Yodice*, 2021 WL 5140058 at *4. It also rejected Yodice's

argument that TCDM's past practice of conducting classes in person created a binding

obligation to only or always conduct in-person instruction because "a 'University's

academic and administrative prerogatives' cannot 'be impliedly limited by custom, or by

a strained theory of contractual construction.'" *Id.* (quoting *Gertler v. Goodgold*, 107

A.D.2d 481, 485 (1st Dep't 1985), *aff'd*, 66 N.Y.2d 946 (1985)). Finally, the district court

was unpersuaded by Yodice's argument that the mere fact that Touro offers a cheaper,

---

[1] *See, e.g., Yodice v. Touro Coll. & Univ. Sys.*, 21cv2026 (DLC), 2021 WL 5140058, at *3–4 (S.D.N.Y. Nov. 4, 2021) ("[P]romises set forth in a school's bulletins, circulars, and handbooks, which are material to the student's relationship with the school, can establish the existence of an implied contract.") (quoting *Jeffers v. Am. Univ. of Antigua*, 125 A.D.3d 440, 441–42 (1st Dep't 2015); *Cheves v. Trs. of Columbia Univ.*, 89 A.D.3d 463, 464 (1st Dep't 2011), *leave to appeal denied*, 18 N.Y.3d 807 (2012) (noting that to state a claim for breach of an implied contract, a student must identify "specific promises" made in "bulletins, circulars, and handbooks, which are material to the student's relationship with the school.") (internal quotation marks omitted); *Bader v. Siegel*, 238 A.D.2d 272, 272 (1st Dep't 1997) (observing that a statement that is "too vague" or "in the nature of opinion or puffery" is not an enforceable term of an implied contract).

[2] Yodice was enrolled only in TCDM during the Spring 2020 semester, but he purported to bring claims on behalf of students enrolled in any of Touro's 33 other schools. The district court concluded that Yodice himself failed to state a claim for relief; its decision was limited to consideration of facts pled only in relation to TCDM's materials.

online-only degree through its Touro University Worldwide program constitutes a promise that Touro would provide only in-person instruction and services in its traditional programs like TCDM. *Id.* It also dismissed the unjust enrichment claim for tuition as duplicative of the contract claim for tuition.

We now conclude, however, that the district court erred in dismissing the Tuition Claims. Regarding the tuition contract claim, another panel of this Court recently outlined criteria to evaluate the sufficiency of allegations of breach of an implied contract under New York law between a student and university for in-person instruction and services. *See Rynasko v. New York Univ.*, 63 F.4th 186, 197–201 (2d Cir. 2023). Because the Complaint alleges similar allegations to those held to be sufficient in *Rynasko*, Yodice has plausibly stated a claim for breach of an implied contract to recover tuition. *But see Croce v. St. Joseph's Coll. of N.Y.*, 219 A.D.3d 693, 695–96 (2d Dep't 2023).

We observe that "[a] federal court's decision on a question of State law, of course, in no way prevents the courts of the State, especially the highest court, from reaching their own decision when the question is eventually presented to them." *53rd St., LLC v. U.S. Bank Nat'l Assoc.*, 8 F.4th 74, 82 (2d Cir. 2021). No party here, however, alleges that any intervening state court decision warrants consideration. Until the New York Court of Appeals addresses the issue, *Rynasko* applies.

Touro also argues that a disclaimer in the TCDM Course Catalog defeats Yodice's implied contract claims. Touro's disclaimer, however, is too broad and general to preclude relief as a matter of law. *See Rynasko*, 63 F.4th at 199–200; *cf. Goldberg v. Pace Univ.*, 88 F.4th 204, 211 (2d Cir. 2023) (holding that Pace University's emergency closings provision fell "squarely" within the definition of a "traditional, and enforceable, *force majeure* clause" because it "allocated the risk of loss to students in the event that Pace 'need[ed] to close' due to an 'unforeseen,' 'emergency' circumstance, one that is 'outside of the [Pace's] control.'" (citation omitted and alterations in original)).

Touro argues that we may alternatively affirm the district court's dismissal on two separate grounds: (1) its performance of the contract was excused under the doctrine of impossibility, or (2) Yodice lacks standing to assert claims on behalf of students enrolled in schools he did not attend, *i.e.*, class standing, *see, e.g., NECA–IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012). Because the district court concluded that Yodice failed to state a claim, the district court declined to address standing or the doctrine of impossibility. *See Yodice*, 2021 WL 5140058, at *2 n.2, *3 n.3. We find it appropriate to allow the district court to address both issues in the first instance on remand, including whether and to what extent the viability of Touro's impossibility defense impacts the unjust enrichment claim. *See, e.g., Univ. of Minnesota v. Agbo*, 673

6

N.Y.S.2d 812, 813 (2d Dep't 1998) (outlining doctrine of impossibility and available remedies). The district court's judgments on the Tuition Claims are therefore vacated and remanded for further proceedings consistent with this order.

We also vacate the district court's dismissal of Yodice's NY GBL Claim. Sections 349 and 350 are "directed at wrongs against the consuming public" and are designed to "protect people from consumer frauds." *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 24–25 (1995) (analyzing § 349) (internal quotation marks omitted); *see also Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 55 (1999) ("Generally, claims under the statute are available to an individual consumer who falls victim to misrepresentations made by a seller of consumer goods through false or misleading advertising."). To state a claim under either section, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012) (internal quotation marks omitted). "A defendant's actions are materially misleading when they are likely to mislead a reasonable consumer acting reasonably under the circumstances." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 178 (2021) (internal quotation marks omitted).

7

The district court addressed only the materially misleading prong.  Because its dismissal on this basis was largely predicated on the same reasoning underlying its decision to dismiss the contract claim for tuition, judgment on the NY GBL Claim is vacated.  The district court on remand may address in the first instance what impact, if any, our Court's decision in *Rynasko* had on its conclusion regarding the NY GBL Claim, as well as whether Yodice has plausibly alleged the other required elements of his claim.

We affirm the district court's dismissal of the Fee Claims.  Regarding the implied breach of contract for fees, "[t]he . . . complaint is devoid of allegations as to what services were owed by" Touro "in exchange for those fees."  *Croce*, 219 A.D. at 696–97 (citing *Yodice*, 2021 WL 5140058, at *4).[3]  The district court's dismissal of the unjust enrichment claim premised on Touro's retention of fees is also affirmed.  A plaintiff may plead an unjust enrichment claim in the alternative "where there is a dispute over the existence, scope, or enforceability of the putative contract."  *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d

---

[3] *Cf. Rynasko v. New York Univ.*, 20 Civ. 3250 (GBD), 2021 WL 1565614, at *4 (S.D.N.Y. Apr. 21, 2021) (citing Plaintiff's Proposed Second Amended Complaint, ECF No. 50 ¶¶ 27, 65 (stating that student paid $1,312 for a "Registration and Services Fees" that "furnish resources to fund a portion of the budgets for a variety of services, operations, and activities that serve students and enhance university life in support of our academic program. These services may include, but are not limited to, the Registrar, Student Health Center, the Wellness Exchange / Counseling Service, the Wasserman Center, Information Technology, and Student Life." (internal quotation marks omitted))).  To the extent Yodice maintains that the definitions of the fees in his case are ambiguous, we decline to consider this argument because Yodice failed to raise it below.  *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005).

253, 263 (2d Cir. 1999).  The district court correctly dismissed the unjust enrichment fee claim.  Touro does not dispute that an implied contract exists between itself and Yodice regarding fees; it only disputes its terms.  Yodice's unjust enrichment claim for fees is therefore "entirely duplicative of his breach of contract claim[]" and was properly dismissed.  *Goldberg*, 88 F.4th at 215.

We have considered the parties' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** to the district court for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit