```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
MARK YODICE, individually and on          :
behalf of all others similarly            :
situated,                                 :        21cv2026 (DLC)
                                          :
                          Plaintiff,      :        OPINION AND
              -v-                         :           ORDER
                                          :
TOURO COLLEGE AND UNIVERSITY SYSTEM,      :
                                          :
                          Defendant.      :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiff:

Eric Poulin
Paul Doolittle
Andre Robert Belanger
Roy T. Willey, IV
Poulin, Willey, Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403

Edward G. Toptani
Toptani Law Offices
127 East 59th Street, 3rd Floor
New York, NY 10022

Peter Bryan Katzman
John Macleod Bradham
Morea Schwartz Bradham Friedman & Brown LLP
400 Madison Avenue, Suite 17D
New York, NY 10017

For defendant:

Janice Sued Agresti
Mariah L Passarelli
Jennifer Ann Queliz
Michael Craig Schmidt
Cozen O'Connor

3WTC 175 Greenwich Street
Ste 55th Floor
New York, NY 10007

DENISE COTE, District Judge:

Mark Yodice, a former student in the Touro College and University System ("Touro"), brings a claim for unjust enrichment against Touro and seeks partial reimbursement of tuition he paid during the Spring 2020 semester, when Touro's campuses closed due to the COVID-19 pandemic.  Touro has moved for summary judgment on Yodice's claim.  For the reasons below, Touro's motion is granted.

## Background

The following facts are largely taken from the documents submitted in connection with these motions.  Only those facts necessary to decide the parties' motions are stated.  They are taken in the light most favorable to the plaintiff unless otherwise noted.

In the Fall of 2019, Yodice enrolled at the Touro College of Dental Medicine ("TCDM"), a division of Touro's private university system located in Hawthorne, New York.  On March 6, 2020, in the early throes of the COVID-19 pandemic and while Yodice was in his "D1" year, or first year of a four year program, TCDM announced that it would begin testing online learning on March 9.  On March 12, TCDM announced a full

transition to online classes with a clinical schedule capacity of 50% until April 20.  Four days later, the school suspended all regular clinical activity.  On March 20, the Governor issued an executive order closing all non-essential business through April 19, which was subsequently extended through May 20.

While its campuses were closed, TCDM offered virtual class instruction via recorded lectures, live zoom calls, and online case-based learning.  Clinical and lab-based experiences were paused or replaced with virtual learning.  TCDM began returning to in-person operations in June and offered its D1 students the ability to make up missed in-person lab sessions.

Yodice regularly attended online classes from March 16 until the end of the Spring 2020 semester.  He completed all of his class and lab requirements with passing grades, received the requisite credits for the semester, and successfully enrolled in the Fall 2020 semester as a D2 student.  He voluntarily withdrew from TCDM after the start of the Spring 2021 semester.

According to Touro's financial controller, emergency operations during the pandemic financially impacted Touro. TCDM's operating expenses increased when compared with the previous semester.  It had existing obligations to external vendors and bore additional costs to support the transition to remote learning.  Among these costs, TCDM purchased additional

3

lab materials to support remote instruction and employed
enhanced professional cleaning services.  Further, TCDM's Dental
Health Clinic would have earned over $1 million had it not been
forced to close its operations to the public between March and
June 2020.

Yodice filed this action on March 19, 2021.  On behalf of
himself and a putative class of Touro students, Yodice alleged
breach of contract and unjust enrichment claims from the tuition
he paid for the Spring 2020 semester ("Tuition Claims"), breach
of contract and unjust enrichment claims for fees in that
semester ("Fee Claims"), and false advertising claims under the
New York General Business Law ("GBL Claims").  An Opinion of
November 4 granted a motion to dismiss all of Yodice's claims.
Yodice v. Touro Coll. & Univ. Sys., No. 21CV2026 (DLC), 2021 WL
5140058 (S.D.N.Y. Nov. 4, 2021).

On July 19, 2024, the Court of Appeals for the Second
Circuit vacated the 2021 Opinion in part and remanded the case
for further proceedings, affirming the dismissal of the Fee
Claims but reversing the dismissal of the Tuition and GBL
Claims.  Yodice v. Touro Coll. & Univ. Sys., No. 21-2986-CV,
2024 WL 3466546 (2d Cir. July 19, 2024).  On September 10,
Yodice filed an amended complaint ("FAC").  In the FAC, Yodice
again alleged the Tuition and GBL Claims.  He purported to

represent a class of anyone who paid tuition as or on behalf of

any student in the Touro system who was denied in-person

instruction during the latter part of the Spring 2020 semester.

An Opinion of February 21, 2025 granted Touro's motion to

dismiss the GBL Claims and the breach of contract claim but

denied the motion as to the unjust enrichment claim.  Yodice v.

Touro Coll. & Univ. Sys., 767 F.Supp.3d 86 (S.D.N.Y. 2025).

Familiarity with the prior Opinions in this case is assumed.

Following the completion of discovery, Yodice moved for

class certification.  On October 30, Yodice moved for summary

judgment on the remaining unjust enrichment claim.  That motion

became fully submitted on December 4.

## Discussion

Summary judgment is appropriate when "the movant shows that

there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  Material facts are those that "might affect the

outcome of the suit under the governing law."  Choi v. Tower

Rsch. Cap., LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation

omitted).  "[S]ummary judgment must be rejected if the evidence

is such that a reasonable jury could return a verdict for the

nonmoving party."  Indemn. Ins. Co. of N. Am. v. Unitrans Int'l

Corp., 98 F.4th 73, 77 (2d Cir. 2024) (citation omitted).

A court's role with respect to a summary judgment motion "is not to resolve disputed questions of fact but solely to determine whether, as to any material fact, there is a genuine issue to be tried." Moll v. Telesector Res. Grp., Inc., 94 F.4th 218, 227 (2d Cir. 2024) (citation omitted). The court must "review the record taken as a whole," and "may not make credibility determinations or weigh the evidence." Id. (citation omitted).

"To recover under a theory of unjust enrichment under New York law, a litigant must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." Rynasko v. New York Univ., 63 F.4th 186, 201 (2d Cir. 2023) (citation omitted). An unjust enrichment claim "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." Corsello v. Verizon New York, Inc., 18 N.Y.3d 777, 790 (2012). The "doctrine is a narrow one; it is not a catchall cause of action to be used when others fail." Columbia Mem'l Hosp. v. Hinds, 38 N.Y.3d 253, 276 (2022) (citation omitted). "The essence of such a claim is that one party has received money or

a benefit at the expense of another." <u>Kaye v. Grossman</u>, 202 F.3d 611, 616 (2d Cir. 2000) (citation omitted).

Touro is entitled to summary judgment on the unjust enrichment claim. Yodice has provided no evidence that Touro was enriched, let alone at Yodice's expense, by collecting tuition from Yodice for the Spring 2020 semester. It is undisputed that Touro suffered financial losses in the Spring 2020 semester due to the burden of switching to remote learning. It had existing obligations to its vendors, incurred new expenses and lost Clinic revenues. As for Yodice's own experience, he passed his classes, earned the credits he needed to progress to his D2 year, and was given the opportunity to make up missed in-person lab sessions. Every member of his class ended up graduating on time from TCDM, except for Yodice. Yodice dropped out of TCDM the Spring of 2021.

In opposition, Yodice emphasizes that he is not contesting the soundness of the decisions TCDM made in response to the pandemic and the Governor's mandates. He is also not arguing that he did not receive an "effective" education at TCDM during the Spring 2020 semester and agrees he owed tuition for that education. He also admits that TCDM lost money during the pandemic. Despite all these concessions, Yodice argues he is still entitled to present his unjust enrichment claim to a jury.

According to Yodice, the issue is not whether TCDM was
"enriched" by his payment of tuition but whether it was
inequitable for TCDM to retain all of his tuition payment when
he did not receive the services TCDM would have provided to him
had there been no pandemic.  He contends, therefore, that he is
entitled to a partial refund of that tuition.  He is wrong.
Yodice has failed to carry his burden to present evidence that
the defendant was enriched, must less unjustly enriched by his
payment of tuition.  Yodice received educational benefit and the
anticipated course credits for his tuition; TCDM lost money in
the course of providing Yodice with that education in the midst
of a pandemic.

## Conclusion

The defendant's October 30, 2025 motion for summary
judgment is granted.  The plaintiff's July 29, 2025 motion for
class certification is denied.  The Clerk of Court shall enter
judgment for the defendant and close the case.

Dated:    New York, New York
          January 27, 2026

                                    _____
                                          DENISE COTE
                                United States District Judge

8